UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANGEL MIGUEL SANTOS,
          Plaintiff,

      v.                                          CIVIL ACTION NO. 15-12917-WGY

KENT SMITH, ET AL.,
          Defendants.

MEMORANDUM AND ORDER FOR DISMISSAL

YOUNG, D.J.

BACKGROUND

On July 6, 2015, prisoner plaintiff Angel Miguel Santos ("Santos") filed a civil rights action against prosecutors, employees of the Nashua Police Department, and a witness at trial. He alleged wrongful arrest, wrongful imprisonment, and wrongful prosecution. On January 21, 2016, this Court issued a Memorandum and Order (Docket No. 9) directing Santos to demonstrate good cause why this action should not be dismissed for the reasons stated therein. These reasons included improper venue, questionable personal jurisdiction over the defendants, failure to set forth plausible claims of conspiracy pursuant to Rule 8 of the Federal Rules of Civil Procedure, absolute prosecutorial immunity, and the bar of the statute of limitations for civil rights actions.

On February 1, 2016, Santos filed a Motion to Amend Complaint (Docket No. 12). In his motion, Santos seeks to include additional defendants: (1) the Nashua, New Hampshire Police Department; (2) the City of Nashua, New Hampshire; (3) the State of New Hampshire; and (4) unnamed individuals who were in supervisory positions at the time of the incidents alleged in his Complaint. Santos further asserts malicious prosecution by reiterating his allegations that there was no physical evidence against him and that he was prosecuted based on the statement of a witness who was racist against Hispanics. Additionally, he reiterates his claims that the prosecutor pursued criminal action against him maliciously.

To date, however, Santos has not filed a show cause response as directed, and the time

period for doing so has expired.

DISCUSSION

The Court does not find that Santos's Motion to Amend (Docket No. 12), which incorporates his Amended Complaint, addresses any of the legal impediments discussed by the Court in the prior Memorandum and Order. Rather, Santos seeks to add additional defendants, without setting forth any underlying factual support for claims against them. Moreover, in addition to the Rule 8 pleading deficiencies, there are a number of legal impediments to his new claims. First, the Nashua Police Department is not a suable entity under 42 U.S.C. § 1983.[1] Second, Santos has not set forth any basis for liability of the City of Nashua itself. See Monell v. New York City Dep't of Social Services, 436 U.S. 658 (discussing in what circumstances a municipality could be held liable under § 1983). Third, neither the City nor any of its supervisors (state or city) are liable under § 1983 for the actions of subordinates because there is no *respondeat superior* liability in § 1983 actions and Santos has not set forth a basis for direct liability of supervisors.[2] Fourth, Santos's claim for monetary damages against the State of New

---

[1] It is well settled that, for purposes of § 1983, police departments are not suable entities. A police department is a non-person and consequently is not subject to suit. See *Johnson v. Rodriguez*, 943 F.2d 104 (1st Cir. 1991) (state agency may not be sued for alleged civil rights violations). One reason for finding that a police department is not a suable entity is because if the police department is found liable, "it is the city which will pay; the result is the same as suing the city." Henschel v. Worcester Police Dep't, Worcester, Mass., 445 F.2d 624, 624 (1st Cir.1971). See Douglas v. Boston Police Dep't, 2010 WL 2719970 (D. Mass. 2010) (dismissing suit against a municipal police department because department "has no legal existence or liability to suit separate from the [municipality]"). "Like a municipality, a police department 'cannot be held liable in damages under § 1983 merely because it employs a tortfeasor.'" Boyle v. Barnstable Police Dept., 818 F. Supp. 2d 284, 300 (D. Mass. 2011) quoting Malachowski v. City of Keene, 787 F.2d 704, 711 (1st Cir.1986).

[2] See Capozzi v. Department of Transp., 135 F. Supp. 2d 87, 98 (D. Mass. 2001) (citing Ruiz Rivera v. Riley, 209 F.3d 24 (1st Cir. 2000)). "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983. Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). "In § 1983 cases, 'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Id. (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)).

Hampshire is barred by Eleventh Amendment sovereign immunity and there is no basis to infer a waiver of that immunity under the circumstances presented here.  See New Hampshire v. Ramsey, 366 F. 3d 1 (1st Cir. 2004) (discussing Eleventh Amendment sovereign immunity and waivers).  Fifth and finally, in addition to these impediments, the same issues of statute of limitations and prosecutorial immunity are presented in Santos's Amended Complaint.

## CONCLUSION

Accordingly, for the reasons stated herein, Santos's Motion to Amend Complaint (Docket No. 12, construed as his Amended Complaint) is DENIED.  Further, for the reasons set forth in this Memorandum and Order and in the prior Memorandum and Order, and for the failure of Santos to demonstrate good cause as directed, it is hereby Ordered that this action is DISMISSED in its entirety.

For purposes of 28 U.S.C. § 1915(g), this Court considers this ruling as a dismissal on the merits.  Santos remains responsible for paying the filing fee obligations as previously assessed in the Memorandum and Order (Docket No. 9) notwithstanding this dismissal.

SO ORDERED.

/s/ William G. Young  
WILLIAM G. YOUNG  
UNITED STATES DISTRICT JUDGE

DATED: March 14, 2016